# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY C. MOON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-08-341-FHS-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Terry C. Moon requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

The claimant was born on February 27, 1959, and was 47 years old at the time of the administrative hearing. He has a high school education, two years of college and received special training in electronics and computers. He previously worked as a general laborer for a construction company and as a service representative for a business machine and computer company. The claimant alleges that he had been unable to work since June 1, 1997, because of congenital birth defects of the feet and ankles, back problems, shoulder problems, and mental impairments (Tr. 87).

## Procedural History

The claimant applied on May 20, 2002 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Michael K. Kirkpatrick conducted an administrative hearing and determined that the claimant was not disabled in a decision dated March 21, 2003. The Appeals Council denied review, so the claimant appealed to this Court in Case No. CIV-03-587-RAW-SPS. This Court affirmed, but the Tenth Circuit reversed and remanded the case to this Court with instructions to remand to the Commissioner. While the appeal was pending, the claimant filed a new application for benefits, which was ultimately consolidated with the remanded case by the Appeals Council. The ALJ held another administrative hearing on October 25, 2006, and determined that the claimant was not disabled in a written opinion dated January 3, 2007. The Appeals Council denied

review, so the latest decision by the ALJ represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a wide range of sedentary work, *i. e.,* that the claimant could lift/carry ten pounds occasionally and five pounds frequently, stand/walk two hours in an eight-hour workday, sit six hours in an eight-hour workday, and climb, balance, stoop, kneel, crouch and crawl occasionally. The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless *not* disabled because there was work he could perform existing in significant numbers in the national economy, *e. g.*, cashier/order clerk, clerical worker (information clerk), and assembler (Tr. 266).

## Review

The claimant presents a single contention of error on appeal, *i. e.*, that the ALJ erred by failing to include mental limitations in his RFC. The undersigned Magistrate Judge finds that the ALJ failed to properly consider the claimant's mental impairments, and the decision of the Commissioner should therefore be reversed.

"When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Secretary must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a and the Listing of Impairments and document the procedure accordingly." *Cruse v. U.S. Department of Health & Human Services,* 49 F.3d 614, 617 (10th Cir. 1995), *citing Andrade v. Secretary of Health &*

*Human Services,* 985 F.2d 1045, 1048 (10th Cir. 1993). In conducting this analysis, the ALJ must first evaluate whether the claimant has a "medically determinable mental impairment," 20 C.F.R. § 404.1520a(b)(1), and then determine the degree of function that the claimant has lost as a result of the impairment by assessing the claimant's level of functioning in four specific areas. *Cruse,* 49 F.3d at 617. The four areas are: (i) activities of daily living; (ii) social functioning; (iii) concentration, persistence, or pace; and (iv) episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(3). The ALJ must assess the degree of functional loss in each area on a five-point scale. The first three areas utilize descriptive terms of none, mild, moderate, marked, and extreme. The fourth area utilizes numerical terms of none, one to two, three, and four or more. 20 C.F.R. §§ 404.1520a(c)(4).

There *was* evidence in the record that the claimant had mental impairments, *i. e.*, the mental status examination of the claimant performed for the State of Oklahoma Disability Determination Division by Dr. Kenneth Williams, who diagnosed the claimant with depressive disorder secondary to his physical conditions and features of generalized anxiety disorder and opined that the claimant "is not able to function in any type of work environment at this time and prognosis is guarded." (Tr. 493-497). The ALJ was thus obliged to employ the psychiatric review technique to evaluate the claimant's mental impairments, as he specifically recognized in his written opinion (Tr. 253). But while the ALJ analyzed Dr. Williams' opinions in detail for purposes of assigning proper weight (Tr. 258, 260-61), he never applied the psychiatric review technique to the claimant's proffered mental impairments as required by the Commissioner's regulations, *i. e.*, the

ALJ did not first determine if the claimant had a "medically determinable impairment" and then determine its severity by assessing the claimant's degree of functioning in the four broad areas. Instead, the ALJ simply concluded that the claimant did not have a medically determinable *severe* mental impairment (Tr. 253-4, 261).

Because the ALJ failed to properly analyze the claimant's mental impairments, the undersigned Magistrate Judge concludes that the decision of the Commissioner should be reversed and the case remanded to the ALJ for proper analysis of the medical opinions at step two. If the ALJ finds that the claimant *does* have severe mental impairments, he should include appropriate limitations in the claimant's RFC and re-determine the work, if any, that the claimant can perform with his RFC and ultimately whether he is disabled.

## Conclusion

In summary, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence, and accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED to the ALJ for further proceedings consistent herewith.

**DATED** this 16th day of March, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**